# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### ASSIGNED ON BRIEFS MAY 15, 2001

## ANTONIO L. SWEATT v. BILLY COMPTON, ET AL.

**Direct Appeal from the Circuit Court for Lake County**
**No. 97-7683; The Honorable R. Lee Moore, Jr., Judge**

---

**No. W2001-00002-COA-R3-CV - Filed September 6, 2001**

---

This appeal arises from a specialist physician's recommendation that the Appellant, an inmate, undergo nasal surgery. The Utilization Review Committee of the Tennessee Department of Correction denied the Appellant's recommended surgery. The Appellant filed a complaint against the Appellees, prison employees of the Lake County Regional Correctional Facility, alleging federal constitutional violations, negligence, and medical malpractice. The Appellees filed a motion for summary judgment. The trial court granted the motion for summary judgment. On appeal, this Court reversed the grant of summary judgment in favor of the Appellees on the Eighth Amendment claim that arose out of the delay in the recommended surgery and remanded for further discovery. This Court affirmed the grant of summary judgment in favor of the Appellees on all other claims.

The trial court permitted the parties to conduct further discovery on the Eighth Amendment claim concerning the delay in the recommended surgery. The trial court granted summary judgment to the Appellees. The Appellant appeals the trial court's grant of summary judgment in favor of the Appellees. For the reasons stated herein, we affirm the trial court's decision.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Antonio L. Sweatt, Nashville, *pro se*

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Mark A. Hudson, Senior Counsel, Nashville, for Appellees

# OPINION

## I. Facts and Procedural History

The Appellant, Antonio L. Sweatt ("Mr. Sweatt"), is an inmate at the Lake County Regional Correctional Facility in Tiptonville, Tennessee. During his incarceration, Mr. Sweatt suffered from a history of medical problems, including sinus problems, a breathing disorder, frequent nose bleeds, migraine headaches, and structural abnormalities in the nose. In January, 1996, Mr. Sweatt was transported to the Special Needs Facility, which is the hospital for the Tennessee Department of Correction ("TDOC"). Dr. Russell Ries ("Dr. Ries"), a specialist physician at the Special Needs Facility, diagnosed Mr. Sweatt with allergic rhinitis, nasal septal deformity, and turbinate hypertrophy. Dr. Ries recommended that Mr. Sweatt undergo surgery in order to help alleviate the nasal obstruction. On May 22, 1996, the Utilization Review Committee, a utilization management entity designated by the TDOC to review and approve or deny requested services, denied the recommended surgery. Dr. Ries had the option to appeal to the TDOC Medical Director if he disagreed with the decision of the Utilization Review Committee. Dr. Ries never filed an appeal for a reevaluation of Mr. Sweatt's case.

On May 21, 1996, Mr. Sweatt filed a complaint in the Chancery Court of Lake County against the Appellees, prison warden Billy Compton; prison employees Steve Dotson, Ben Lindamood, Edna Freeman, and Donna Klutts; and prison physician Harold Butler ("the Defendants" or "the Appellees"), alleging federal constitutional violations, negligence, and medical malpractice.[1] Mr. Sweatt alleged that the Defendants intentionally failed to provide him with appropriate medical care, treatment, and correct medication, and that the medication prescribed to him caused his nose to bleed. Mr. Sweatt alleged that Dr. Russell Ries had recommended surgery for his condition, but the surgery had never been performed. Mr. Sweatt also alleged that the Defendants' acts were a form of retaliation against him for the grievances he had filed with prison employees.

On June 24, 1996, Dr. Butler filed a motion for summary judgment. On August 2, 1996, Mr. Sweatt filed a motion for summary judgment. On August 5, 1996, Mr. Compton, Mr. Dotson, Mr. Lindamood, Ms. Freeman, and Ms. Klutts filed a motion for summary judgment. On August 14, 1997, the trial court granted Dr. Butler's motion for summary judgment. The trial court also granted the motion for summary judgment filed by the remaining Defendants. On September 29, 1997, Mr. Sweatt filed a notice of appeal with regard to both motions for summary judgment. This Court affirmed the grant of summary judgment in favor of Dr. Butler. This Court reversed the grant of summary judgment in favor of the remaining Defendants on the Eighth Amendment claim that arose out of the delay in the recommended surgery and remanded for further discovery. This Court affirmed the grant of summary judgment in favor of the remaining Defendants on all other claims.

---

[1]On July 9, 1997, the chancery court entered an order transferring the case to the Circuit Court of Lake County.

On April 19, 1999, the trial court permitted the parties to complete discovery on Mr. Sweatt's Eighth Amendment claim regarding the following: delay in recommended surgery, whether the medical condition was sufficiently serious, and the nature of the recommended surgery. On December11, 2000, the trial court granted summary judgment in favor of the Defendants. In its order granting summary judgment, the trial court relied upon written responses from Dr. Ries in making its determination. The trial court stated the following:

> In response to plaintiff's question as to whether or not the chronic sinusitis structural abnormalities in his nose was a sufficiently serious medical need as to require surgery, Dr. Ries indicates that it was not and that the surgery was recommended for a nasal obstruction. Dr. Ries further states that the surgery was elective and not emergency surgery. It was only to improve air flow. He states also that it is doubtful that delay in this surgery has created any damage so far as the plaintiff's nasal condition is concerned. . .
>
> The information supplied by Dr. Ries is sufficient for the Court to determine that the plaintiff's medical condition is not a "serious medical need" under the Eighth Amendment. The information is also sufficient for the Court to determine that defendants were not deliberately indifferent to plaintiff's medical needs.

This appeal followed.

## II. Standard of Review

Summary judgment is appropriate if the movant demonstrates that no genuine issues of material fact exist and that he is entitled to a judgment as a matter of law. See TENN. R. CIV. P. 56.03. We must take the strongest view of the evidence in favor of the nonmoving party, allowing all reasonable inferences in his favor and discarding all countervailing evidence. See Shadrick v. Coker, 963 S.W.2d 726, 731 (Tenn. 1998) (citing Byrd v. Hall, 847 S.W.2d 208, 210-11 (Tenn. 1993)). Since our review concerns only questions of law, we review the record *de novo* with no presumption of correctness of the judgment below. See TENN. R. APP. P. 13(d); Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997).

## III. Law and Analysis

The following two issues, as we perceive them, are presented for our review: (1) whether Mr. Sweatt suffered from a serious medical need; and (2) whether the Appellees were deliberately indifferent to a serious medical need in violation of the Eighth Amendment. Our resolution of this appeal on a separate issue, however, makes it unnecessary to address the issues presented before this Court.

The record is undisputed that Dr. Ries recommended surgery for Mr. Sweatt, and the recommendation of surgery was denied by the Utilization Review Committee. Once the Utilization Review Committee denied surgery, Dr. Ries had the option to appeal the decision on Mr. Sweatt's behalf. These facts were confirmed by a letter from Connie S. Klein, the Executive Administrative Assistant of the TDOC, to Mr. Sweatt which stated:

> The Utilization Review Committee has reviewed your charts and the attending physician's recommendations. After careful consideration of all information received and reviewed, they have denied the request for sinus surgery on May 22, 1996. You may contact your institutional Health Administrator to find out if the attending physician has or will file an appeal to the Utilization Review Committee for reevaluation of the merits of your case.

Dr. Ries never filed an appeal for a reevaluation of Mr. Sweatt's case.

The delay in Mr. Sweatt's recommended surgery is a direct result of the denial of surgery by the Utilization Review Committee and/or the failure of Dr. Ries to appeal that decision. Mr. Sweatt has failed to establish that the named Appellees were in any way responsible for the delay or denial of his surgery. In response to Mr. Sweatt's first request for admissions the Appellees stated:

> The recommendation for the surgery was denied by the Utilization Review Committee and Dr. Ries did not appeal the decision. Furthermore, these defendants are not responsible for scheduling any surgery to be performed at the Special Needs Facility and cannot override the decision of the Utilization Review Committee denying the surgery.

Mr. Sweatt has presented no evidence to the contrary. Because the Appellees were not personally responsible for any delay or denial of surgery, we find that the Appellees were not proper defendants to this lawsuit. Accordingly, although on different grounds, we affirm the trial court's grant of summary judgment in favor of the Appellees.

### IV.  Conclusion

For the foregoing reasons, the decision of the trial court is affirmed. Costs of this appeal are taxed against the Appellant, Antonio L. Sweatt, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE

-4-